Peter J. Mintzer
SELMAN BREITMAN LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone:    206.447.6461
Facsimile:    206.588.4185
pmintzer@selmanlaw.com

Attorneys for Plaintiff SCOTTSDALE
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>          vs.<br><br>NATIONAL WINGS & ARMOR FOUNDATION; ROBERT LEE, as Personal Representative for the Estate of Austin Lee,<br><br>                    Defendants. | Case No.<br><br>COMPLAINT FOR DECLARATORY RELIEF |

## I.   INTRODUCTION

In this action, Plaintiff Scottsdale Insurance Company ("Scottsdale") seeks declaratory relief concerning its obligations, if any, to provide insurance coverage to its insured, National Wings & Armor Foundation, in connection with an underlying claim by Robert Lee as Personal Representative for the Estate of Austin Lee (the "Estate"). The Estate is also named as a defendant in order to bind it to the Court's decision.

Case No.:
COMPLAINT FOR DECLARATORY RELIEF    - 1
40892.1 380.42375

## II.    FACTUAL ALLEGATIONS

### PARTIES

1. Plaintiff Scottsdale Insurance Company is an Ohio Corporation with a principal place of business in Arizona. At all relevant times, Scottsdale was authorized to do business in Oregon.

2. On information and belief, Defendant National Wings & Armor Foundation ("National Wings") is a 501(c)(3) non-profit organization organized under the laws of Washington State with an principal place of business in Oregon City, Oregon.

3. On information and belief, Robert Lee is the Personal Representative for the Estate of Austin Lee. On information and belief, Austin Tyler Lee was a resident of Oregon City, Oregon, prior to his death. Therefore, under 28 U.S.C. § 1332(c)(2), the Estate is a citizen of Oregon for purposes of diversity jurisdiction.

### JURISDICTION AND VENUE

4. This Court has personal jurisdiction over all parties.

5. In this action Scottsdale seeks declaratory relief regarding its obligations for an underlying claim under an insurance policy issued to National Wings with relevant limits of insurance in excess of $75,000. The Estate seeks to recover damages in excess of $75,000 for the death of Mr. Lee.

6. Actual, real and currently justiciable controversies exist between the parties as to the issues described herein. A declaration from the Court on these issues will permit the parties to order their affairs accordingly. Under 28 U.S.C. § 2201, the Court has authority to issue a declaratory judgment resolving these controversies.

7. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 2201 and 28 U.S.C. § 1332 because Scottsdale is a citizen of Ohio and Arizona, and defendants are citizens of Oregon and Washington and the amount in controversy exceeds $75,000.

8. On information and belief, National Wings is located in this district and Mr. Lee resided in this district. Therefore venue is proper in this district and division.

9.

Case No.:
COMPLAINT FOR DECLARATORY RELIEF    - 2

40892.1 380.42375

## SCOTTSDALE POLICY

10. Scottsdale issued policy number CPS230864 (the "Policy") to National Wings & Armor Foundation for the policy period October 27, 2015 to October 29, 2015.

11. The Policy includes a Commercial General Liability coverage part with the following insuring agreement:

> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> **(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
>
> **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
>
> **(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If

    such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

  **c.**  "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

  **d.**  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    **(1)**  Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)**  Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    **(3)**  Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

  **e.**  Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

12.  The Policy includes the following relevant exclusions:

  2.    Exclusions

This insurance does not apply to:

…

    **d.**    Workers' Compensation And Similar Laws
    Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

…

Case No.:
COMPLAINT FOR DECLARATORY RELIEF   - 4
40892.1 380.42375

    **e.**  Employer's Liability

"Bodily injury" to:

    **(1)** An "employee" of the insured arising out of and in the course of:

        **(a)**    Employment by the insured; or

        **(b)**    Performing duties related to the conduct of the insured's business; or

    **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

…

    **h.**  Mobile Equipment

"Bodily injury" or "property damage" arising out of:

    **(1)** The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

    **(2)** The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

13. The Policy also includes the following relevant Participant Endorsement:

**GLS-5s (4-08)**

**THIS ENDORSEMENT CHANGES THE POLICY.**

**PLEASE READ IT CAREFULLY.**

**SPECIAL EVENT PARTICIPANT EXCLUSION**

This policy does not apply to "bodily injury," "property damage" or "personal and advertising injury" to any "participant" arising out of:

1. The practicing for or participation in any athletic event, contest, game, demonstration, exhibition, theatrical or musical performance, race or show covered by this policy; or

2. The use of any amusement device operated by you or on your behalf.

For purposes of this endorsement, "participant" shall include performers, stagehands, volunteers, drivers, setup crew, pit-crew and other persons located in the pit area, security personnel, mechanics, stewards, officials or attendants, or any other person taking part in paragraphs 1. or 2. of this endorsement.

### CLAIM HISTORY

14. On information and belief, National Wings displays and demonstrates historical military equipment for charity events, parades, and other events.

15. On October 27, 2015, Steven Preston, the owner of National Wings, and Austin Lee conducted a demonstration of a 1944 M18 tank at a private shooting range near Bend, Oregon. The demonstration was to include a firing of the tank's cannon at a piece of metal, which was to be filmed.

16. On information and belief, Mr. Lee assisted Mr. Preston in firing rounds from the tank.

17. On information and belief, the tank misfired, causing an explosion that killed Mr. Preston and Mr. Lee.

18. The Estate asserts the explosion was the result of negligence by Mr. Preston.

19. The Estate, through counsel, subsequently made a demand to Scottsdale Insurance Company, as insurer for National Wings.

20. Scottsdale denied the pre-suit demand by the Estate based on factual questions related to the claim and possible application of Policy exclusions barring coverage for the accident.

### III.    CLAIM FOR DECLARATORY RELIEF

21. Scottsdale realleges and incorporates by reference the allegations in paragraphs 1 through 19 above.

22. Scottsdale and Defendants dispute whether defense and/or indemnity coverage exists under the Policy for the accident described above based on the Participant Endorsement in the Policy.

23. Scottsdale and Defendants dispute whether defense and/or indemnity coverage exists under the Policy for the accident described above based on the Workers Compensation Exclusion in the Policy.

24. Scottsdale and Defendants dispute whether defense and/or indemnity coverage exists under the Policy for the accident described above based on the Employer's Liability Exclusion in the Policy.

25. Scottsdale and Defendants dispute whether defense and/or indemnity coverage exists under the Policy for the accident described above based on the Mobile Equipment Exclusion in the Policy.

26. There is an actual justiciable controversy between Scottsdale and Defendants, including whether insurance coverage exists under the Policy for defense and/or indemnity for the accident described above.

27. The Court should declare Scottsdale owes Defendants no duty of defense or indemnification for the accident described above.

## IV.   PRAYER FOR RELIEF

WHEREFORE, Scottsdale prays for judgment as follows:

1. For a judicial declaration that Scottsdale owes no duty to defend National Wings against any claims arising out of the accident described above.

2. For a judicial declaration that Scottsdale owes no duty to indemnify National Wings against any claims arising out of the accident described above.

3. For a judicial declaration that Scottsdale owes no payment under the Policy to the Estate for the accident described above.

4.      For such other and further relief as this Court may deem just and appropriate.

DATED this 8th day of September, 2017.

        SELMAN BREITMAN LLP

        /s/ Peter J. Mintzer
          Peter J. Mintzer, OSB
          pmintzer@selmanlaw.com
        Attorneys for Plaintiff SCOTTSDALE
        INSURANCE COMPANY