# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SCOTTSDALE INSURANCE CO.**, | Case No. 3:17-cv-01407-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **NATIONAL WINGS & ARMOR FOUNDATION,** *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Scottsdale Insurance Co. brings this action seeking a declaration on whether it has either a duty to defend or a duty to indemnify under the commercial liability policy ("the Policy") it issued to Defendant National Wings & Armor Foundation (National Wings). National Wings is a defendant in a state court lawsuit for personal injuries ("Underlying Lawsuit"). The Underlying Lawsuit stems from the death of Austin Lee, who was killed when he and Steven Todd Preston attempted to fire a projectile from a World War II-era tank destroyer and instead the projectile misfired inside the turret of the tank destroyer. Preston was also killed. Plaintiff names as Defendants' potential claimants against Plaintiff's liability policy (the Policy): National Wings; Robert Lee, as personal representative for the Estate of Austin Lee; the Estate of Steven

PAGE 1 – ORDER

Todd Preston; the Preston Family Revocable Trust; and Charles Hegele, who was present when the projectile was prepared.

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on November 7, 2018. ECF 60. Magistrate Judge Russo recommended that Plaintiff's motion for summary judgment (ECF 47) be granted as to the duty to defend and denied as to the duty to indemnify and that defendants' cross-motion for summary judgment (ECF 52) should be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendants timely filed an objection, to which Plaintiff responded. Defendants object to the portion of Magistrate Judge Russo's recommendation that Plaintiff has no duty to defend defendants in the Underlying Lawsuit. Neither Plaintiff nor Defendants object to Magistrate Judge Russo's recommendation regarding indemnity coverage, namely that because courts generally determine the duty to indemnify after the underlying liability action has been completed, both Plaintiff's and Defendants' motions for summary judgment regarding indemnity should be denied as premature. *See Ohio Cas. Ins. Co. v. Ferrell Devs., LLC*, No. 3:10-cv-162-AC, at *5 (D. Or. July 27, 2011).

## DISCUSSION

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

"If the complaint is unclear or ambiguous and may be reasonably interpreted to include an incident within the coverage of the policy, the insurer has a duty to defend." *U.S. Fid. &*

*Guar. Co. v. Star Techs., Inc.*, 935 F. Supp. 1110, 1113 (D. Or. 1996) (citing *Oakridge Cmty. Ambulance Serv., Inc. v. United States Fid. & Guar. Co.*, 278 Or. 21, 24, 563 P.2d 164, 166 (1977)). The Oregon Supreme Court established the steps for insurance policy interpretation in *Hoffman Constr. Co. v. Fred S. James & Co.*, 313 Or. 464, 469-72 (1992). When the parties offer competing interpretations of policy language, the Court first determines whether the competing interpretations are plausible when viewed in isolation. *Id.* If they are, the Court next views the competing interpretations in light of "the particular context in which that term is used in the policy and the broader context of the policy as a whole." *Id.* If only one interpretation continues to be reasonable after contextual review, that interpretation controls. *Id.* If, however, both interpretations continue to be reasonable, the policy language is deemed legally ambiguous and construed in favor of coverage for the insured. *Id.*

The core of the dispute between the parties concerns the Policy's "Special Event Participant Exclusion" (the "Exclusion"). Plaintiff contends that the Exclusion applies, and therefore Plaintiff does not owe a duty to defend. Defendants contend that the Exclusion is ambiguous and that as a matter of law ambiguous policy language must be construed in favor of coverage for the insured; therefore, argue Defendants, the Exclusion should not be read to apply. Defendants further contend that interpreting the Exclusion to apply in this context would render the promise of insurance coverage by the policy "illusory."

The Exclusion provides:

> THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
>
> SPECIAL EVENT PARTICIPANT EXCLUSION
>
> This policy does not apply to "bodily injury," "property damage" or "personal and advertising injury" to any "participant" arising out of:

> 1. The practicing for or participation in any athletic event, contest, game, demonstration, exhibition, theatrical or musical performance, race or show covered by this policy; or
>
> 2. The use of any amusement device operated by you or on your behalf.
>
> For purposes of this endorsement, "participant" shall include performers, stagehands, volunteers, drivers, setup crew, pit-crew and other persons located in the pit area, security personnel, mechanics, stewards, officials or attendants, or any other person taking part in paragraphs 1. or 2. of this endorsement.

ECF 1. Defendants do not object to Magistrate Judge Russo's finding that the event where the accident took place was a "demonstration." ECF 60. The Court therefore reviews this finding for clear error, and finds none. Defendants' objection regarding the interpretation of the Exclusion is that it requires more than a "demonstration" to be triggered. Instead, Defendants contend, the Exclusion requires a demonstration specifically "covered by this policy."

Defendants argue that the event in question was not specifically "covered by this policy" because "[t]he filming project was nowhere scheduled or otherwise identified as a "demonstration . . . covered by this policy." ECF 52. In support of this argument, defendants cite a different portion of the policy entitled "Limitation of Coverage to Designated Premises or Project," which states:

> SCHEDULE
>
> Premises:
>
> CENTRAL OREGON SHOOTING SPORTS ASSN. GPS
> N43.88846 W120.95222
>
> Project:
>
> ___
>
> (If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

> This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:
>
> 1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or
>
> 2. The project shown in the Schedule.

ECF 48. Defendants argue that because the demonstration was not scheduled as a project it is not a demonstration "covered by this policy" and therefore the Exclusion does not apply. Defendants posit that an ordinary insured, reading the Policy as a whole, would reasonably look to the "Limitation of Coverage to Designated Premises or Project" endorsement's project schedule to determine whether the Policy's scope of coverage was limited to certain projects or events, and that an insured would reasonably interpret the project schedule as determinative of whether the filming project was specifically "covered by this policy." Defendants conclude that because the filming project was not scheduled, it is a reasonable interpretation that the filming project was not "covered by this policy" and therefore did not trigger Section 1 of the Exclusion.

Such an interpretation might (but only might) be plausible if viewed in complete isolation, as *Hoffman Constr. Co.* dictates is the first analytical step for the Court. *Hoffman Constr. Co.*, 313 Or. at 469-72. Viewing Defendants' interpretation in light of "the particular context in which that term is used in the policy and the broader context of the policy as a whole," however, the interpretation is no longer reasonable.

Instead, it is clear that the demonstration was "covered by this policy," despite not being expressly scheduled as a project, because the Limitation of Coverage also stated that the Policy applied to designated premises, including the Central Oregon Shooting Sports Association. ECF 65. Further, the Policy was a special event policy, for the two-day period of 10/27/2015 to 10/29/2015 during which the demonstration in question took place. ECF 48. Thus, the only

PAGE 6 – ORDER

reasonable interpretation is that the demonstration was covered by the policy in light of "the particular context in which that term is used in the policy and the broader context of the policy as a whole." *Hoffman Constr. Co.*, 313 Or. at 470. The Exclusion served to preclude coverage for risks faced by those "participating" in the demonstration, and limited coverage for the higher risk associated with those on or near the tank, while providing coverage for third-party spectators or neighbors.

Further, such an interpretation does not make the Policy's coverage illusory. As Plaintiff acknowledges, the Policy provided coverage to the shooting range and its employees, neighbors and neighboring property, so long as they were not "participants." Because the Policy provides some coverage, even if not for participants, the Policy, interpreted in light of the Exclusion, is not illusory. *See Stack Metallurgical Servs. Inc. v. Travelers Indemn. Co. of Connecticut*, 2007 WL 464715, *5 (D. Or. Feb. 7, 2007) (holding coverage not illusory because potential losses occurring in a variety of circumstances were covered).

## CONCLUSION

The Court adopts the Magistrate Judge's Finding and Recommendation (ECF 60). Plaintiff's Motion for Summary Judgment (ECF 47) is GRANTED as to the duty to defend and DENIED as to the duty to indemnify. Defendants' Cross-Motion for Summary Judgment (ECF 52) is DENIED.

**IT IS SO ORDERED.**

DATED this 22nd day of December, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge